**UNITED STATES of America, Plaintiff,**

v.

**Frances H. SABATKA; and Gilbert H. Sabatka, in his capacity as Conservator, Defendants.**

Civ. A. No. 86–4288–S.

United States District Court,
D. Kansas.

June 9, 1989.

Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., and Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for plaintiff.

David L. Stutzman, Arthur, Green, Arthur, Conderman & Stutzman, Manhattan, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. In this case, plaintiff seeks recovery on a loan involving the Small Business Administration, on which Feeders Supply & Equipment Company allegedly defaulted. Plaintiff claims that defendant Frances H. Sabatka was the guarantor of this loan. In the present motion, defendant seeks summary judgment on the grounds that the guaranty agreement which Mrs. Sabatka executed lacked consideration and therefore is not enforceable.

The following facts have been established for the purposes of this motion. On May 12, 1981, Feeders Supply & Equipment Company received a loan, as evidenced by a promissory note executed on that date. The note was signed on behalf of the debtor corporation by Edward D. Sabatka, defendant's son. The promissory note of May 12, 1981, required that the note be secured by two guarantors. Originally, the note was guaranteed personally by Edward D. Sabatka, the president of Feeders Supply & Equipment Company and Carl W. Peters, the corporation's secretary. In December of 1981, Edward Sabatka purchased Mr. Peters' stock interest in the corporation and the State Bank of Atwood agreed to release Mr. Peters from his personal guaranty upon the substitution of Mrs. Sabatka for Mr. Peters as a co-guarantor. At the time that Mrs. Sabatka executed her personal guaranty, the loan to Feeders Supply was not in default.

On September 22, 1985, the loan to Feeders Supply & Equipment Company was declared in default. The United States brought this current action to recover on

the personal guaranty for the Feeders Supply note.

In this motion, defendant argues that the personal guaranty which she executed is unenforceable for lack of consideration. A guaranty agreement, like any other contract, should be supported by consideration. Consideration is not required to pass from the creditor to the guarantor. "A benefit to the principal debtor or a detriment to the creditor is sufficient." *Furst v. Dewitt*, 145 Kan. 300, 305, 65 P.2d 567 (1937). In the present case, the creditor gave up its legal right to seek reimbursement from Mr. Peters, if the debtor were to default, in exchange for accepting the guaranty of Mrs. Sabatka. Therefore, the creditor suffered a detriment in this later guaranty agreement. The court finds this release of a previous guarantor is sufficient consideration for the guaranty agreement with defendant Frances Sabatka.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for summary judgment is denied.